Livestock Mortgage Credit Corporation, Appellant, v.
Ray Keller, Appellee.

Gen. No. 10,320.

Opinion filed January 4, 1949. Released for publication January 24, 1949.

WAYNE R. BETTNER, of Oregon, Ill. and PAUL W. SCHROEDER, of Chicago, for appellant.

WARNER & WARNER, of Dixon, for appellee; HENRY C. WARNER and GEORGE F. NICHOLS, of Dixon, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The complainant, Livestock Mortgage Credit Corporation, has appealed from an order of the circuit court of Lee county, dismissing its complaint for an injunction to restrain the defendant, Ray Keller, from collecting a judgment at law which he secured in cause Number 3017 of said court.

The complaint at law on which the judgment was obtained is caption, "Ray Keller, plaintiff, vs. Del. C. Hayes and Livestock Mortgage Credit Corporation, defendant." Where the name of the Livestock Mortgage Credit Corporation appears in the complaint at law, it is correctly named.

The request for summons in the suit at law is entitled as the complaint filed therein, and requires issuance of summons against the Livestock Mortgage Credit Corporation.

In the summons issued in the suit at law there is omitted the word "Credit," from the name of the plaintiff before the word corporation. The return of the summons by the sheriff of Lee county is as follows: "I have duly served the within writ upon the within named Livestock Mortgage Corporation by reading the same to J. J. Doerschuk, Secretary-Manager for

Livestock Mortgage Corporation, and at the same time delivering to him a true copy thereof. Dated January 11, 1945. L. E. Bates, Sheriff.''

It appears from the record here that in the suit at law the defendants were defaulted on proof of personal service and judgment was rendered against Del. C. Hayes and Livestock Mortgage Corporation, on March 31, 1945, for $1,180. Execution was issued against Livestock Mortgage Corporation on April 21, and returned unsatisfied on July 23, 1945.

The judgment creditor instituted garnishment proceeding to collect the judgment, which was dismissed by stipulation of the parties after bond filed in the injunction suit. The complaint for injunction, after in substance, alleging the foregoing facts, charges, so far as now pertinent, as follows:—

That on or about the 30th day of November 1945, the plaintiff herein was informed by one, Charles E. McGuire, an attorney at law in Chicago, Illinois, that said judgment was transcribed and sent to him for recording in Cook county, Illinois, and that he was to proceed to collect said judgment from Livestock Mortgage Credit Corporation.

That this was the first notice of any kind that the plaintiff herein, the Livestock Mortgage Credit Corporation or J. J. Doerschuk, had of any proceeding being commenced or having been commenced by said Ray Keller against the plaintiff herein either under name of Livestock Mortgage Credit Corporation or the Livestock Mortgage Corporation, and that the said J. J. Doerschuk or the Livestock Mortgage Credit Corporation was never served by summons in any suit commenced by the defendant, Ray Keller, at any time and that on the date mentioned in paragraph 3 herein the time had elapsed for the plaintiff here to appear, to take an appeal or to move this court to set said judgment aside.

That the plaintiff herein, or J. J. Doerschuk, was never served with any summons in case No. 3017 entitled Ray Keller vs. Del. C. Hayes, et al. and never had any notice of the filing or pendency of said suit until on or about November 30, 1945, as set forth in paragraph 3 of the complaint filed herein. The plaintiff is unable to explain the return of the summons in said cause No. 3017 showing service on J. J. Doerschuk, secretary-manager of the Livestock Mortgage Corporation.

That the plaintiff herein was not at the time of the commencement of said suit by said Ray Keller, nor is it now, indebted to the said Ray Keller as claimed by the plaintiff filed in said cause, case No. 3017, or in any manner or amount whatsoever, and that the judgment entered in that case is wholly unjust and unequitable; that this plaintiff has a good defense on the merits to the whole of Ray Keller's cause of action. That the plaintiff herein has no adequate remedy at law.

The complaint prays that Ray Keller be restrained by injunction from collecting the judgment; that the matter be set for hearing to give the plaintiff a chance to defend itself against the purported claim of Ray Keller, the plaintiff in case No. 3017.

The defendant, Keller, answered the complaint and denied the allegations of the same, excepting those stated in paragraph 3 which he neither admitted nor denied, but stated that he had no information about the matters therein alleged.

There was a hearing on the complaint and the answer. The evidence in the record consists of the testimony of J. J. Doerschuk and the sheriff of Lee county. Mr. Doerschuk testified that on January 11, 1945, he was the secretary-manager of the Livestock Mortgage Credit Corporation and was such at the time of the hearing, and stated that summons in the suit, cause

No. 3017, entitled Ray Keller v. Del. C. Hayes, et al., was never served on him.

The sheriff testified that he served the summons as stated on his return thereon, on January 11, 1945, at the Hayes farm. Question: Well, Mr. Bates, could it be possible you were wrong? Answer: Absolutely not, with that return on there, and my name on there—that is one thing I was always particular about; that is just exactly what happened. Q. But you now know you don't have any recollection of it? A. Not this particular instrument, no.

The return of an officer made in the due course of his official duty and under the sanction of his official oath will not be set aside upon the uncorroborated testimony of the person on whom the process has been served, and failure of the officer making the return to remember the service is not such clear and satisfactory proof as to impeach the return, which recites that service was had. (*Marnik v. Cusack,* 317 Ill. 362; *Linn v. Laramie State Bank of Chicago,* 288 Ill. App. 98.)

The law undoubtedly is that, where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit; and, if he does not, he will be concluded by the judgment or decree rendered the same as if he were described by his true name. (*Pond v. Ennis,* 69 Ill. 341; *Pennsylvania Co. v. Sloan,* 125 Ill. 72, 77.)

At the hearing on the complaint for the injunction there was no proof that the plaintiff was not indebted to Keller as alleged in the complaint at law. There is no showing in the record here that the proof of a meritorious defense to the suit at law by the complainant was waived by Keller.

In a proceeding in equity to enjoin the collection of a judgment at law upon the ground that there

was no service or process, the question whether there is a meritorious defense to the suit at law is as important as the question of service, and the complainant must prove such meritorious defense, or, if such proof is waived or the defense admitted, preserve evidence of the fact in the record. (*Cadillac Automobile Co. v. Boynton,* 240 Ill. 171.)

██ ██ We have determined in this case that the proof of the plaintiff appearing in the record is not sufficient to overcome the return of the sheriff appearing on the summons in the suit at law which carries with it the conclusion that the plaintiff is bound by the judgment at law, although there is a misnomer in the name of the Mortgage Credit Company in the summons and the service thereof. Without this element being in the case, as the record stands in this court, the question of the lack of service would not have been considered by this court. (*Cadillac Automobile Co. v. Boynton,* 240 Ill. 171.)

The circuit court of Lee county did not err in dismissing the complaint for injunction, and its order is hereby affirmed.

*Decree affirmed.*