JOSEPH ZITO *et al.*, Plaintiffs-Appellees, v. AGUSTIN GONZALEZ *et al.*,
Defendants-Appellants.

First District (2nd Division)   No. 1—97—0587

Opinion filed August 5, 1997.

Robert W. Rohm, of Chicago, for appellants.

Richard Levin and Aram A. Hartunian, both of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, Joseph Zito and Robert Garcia, brought this action to recover damages occasioned by the alleged negligence of defendant Alejandro Gonzalez committed while driving the automobile of his father, defendant Agustin Gonzalez. The circuit court, finding a misnomer had occurred, allowed plaintiffs to amend their complaint to add Alejandro Gonzalez as an additional defendant. This appeal is taken by Alejandro Gonzalez, by leave of this court under Supreme Court Rule 308 (134 Ill. 2d R. 308), from the circuit court's order allowing plaintiffs leave to file an amended complaint naming him as a defendant. Agustin Gonzalez is not a party to this appeal.

For the reasons that follow, we reverse and remand.

FACTUAL BACKGROUND

On February 26, 1994, the vehicle in which plaintiffs were riding was struck by a car driven by Alejandro Gonzalez and owned by Agustin Gonzalèz. Consequently, under the applicable two-year statute of limitations contained in section 13—202 of the Code of Civil Procedure, the time for filing a personal injury action arising from this accident expired on February 26, 1996. See 735 ILCS 5/13—202 (West 1994).

The accident report filed by the police lists the driver as "Alex J. Gonzalez." The police report listed the owner of the vehicle driven by "Alex J. Gonzalez" as "Agustin Gonzalez." Both "Alex J. Gonzalez" and Agustin Gonzalez were each listed as residing at 4849 South Seeley Avenue in Chicago.

Plaintiffs retained the law firm of James Brown & Associates to represent them in the matter. Subsequently, plaintiffs' counsel contacted State Farm Insurance Company (hereinafter State Farm), which insured the Gonzalez vehicle. In all correspondence between State Farm and plaintiffs' lawyers, there was no mention of Alejandro Gonzalez; there was only reference to Agustin Gonzalez as the insured. It was for this reason, according to plaintiffs, that their lawyers thought that the name of the driver of the Gonzalez car was Agustin Gonzalez. It is undisputed that Agustin Gonzalez was not the individual who was the driver of the automobile involved in the accident with plaintiffs.

Throughout their settlement negotiations with State Farm, no one ever informed plaintiffs' attorneys that the name of the driver was Alejandro Gonzalez. After settlement negotiations proved unsuc-

cessful, the case was referred to the law firm of Pekin & Levin & Associates for the filing of suit. On March 1, 1995, plaintiffs filed their complaint with the clerk of the circuit court; it named Agustin Gonzalez as the only defendant. On April 19, 1995, service was effected at 4849 South Seeley Avenue on Carlos Gonzalez, Agustin Gonzalez' son and Alejandro Gonzalez' brother.

It was not until during the course of a mandatory arbitration hearing on October 7, 1996, that plaintiffs' attorneys realized that they had sued the wrong person. At the arbitration hearing, Alejandro Gonzalez testified that he was the operator of the vehicle involved in the accident with plaintiffs, not his father. Alejandro Gonzalez further testified that he was aware of the lawsuit shortly after service of process at his home.

On October 29, 1996, after the expiration of the limitations period, plaintiffs' attorneys filed a motion to amend their complaint to "correct a misnomer" and name Alejandro Gonzalez as a defendant. On February 5, 1997, the circuit court granted plaintiffs' motion to amend their complaint. However, the circuit court also found, pursuant to Supreme Court Rule 308(a) (134 Ill. 2d R. 308(a)), that its order granting plaintiffs' motion to amend involved a question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation.

The instant appeal followed.

## ISSUE PRESENTED FOR REVIEW

The circuit court identified the Rule 308(a) question of law for this court to decide as follows: whether the trial court was correct in granting leave to the plaintiffs to file an amended complaint, on the ground that naming Agustin Gonzalez in the original complaint was due to misnomer and the true defendant, Alejandro Gonzalez, resided in the same household as Agustin Gonzalez (his father) and was aware of the lawsuit from the outset.

## OPINION

■ We must determine whether, in suing "Agustin Gonzalez," plaintiffs sued the wrong party or whether they sued the right party under the wrong name. If plaintiffs sued the right party under the wrong name, then section 2—401(b) of the Code of Civil Procedure applies, and it provides:

> "(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1994).

If, on the other hand, plaintiffs sued the wrong party, section 2—616(d) of the Code of Civil Procedure applies, and it provides:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(d) (West 1994).

"In other words, the misnomer provision applies only when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued." *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231 (7th Cir. 1996) (applying section 2—401(b) in a state action removed to federal court); see also *Thielke v. Osman Construction Corp.*, 129 Ill. App. 3d 948 (1985). "However, if it is a case of mistaken identity, the requirements of section 2—616(d) must be met in order for the amendment to relate back." *Borg v. Chicago Zoological Society*, 256 Ill. App. 3d 931, 934 (1993).

■ The misnomer rule is a narrow one and applies only where a plaintiff brings an action and a summons is served upon a party intended to be made a defendant. *Barbour v. Fred Berglund & Sons, Inc.*, 208 Ill. App. 3d 644, 648 (1990). Thus, actual notice of the lawsuit

is given to the real party in interest, but the process and complaint are styled in other than the party's correct name. *Perry v. Public Building Comm'n*, 232 Ill. App. 3d 402, 405 (1992). The pivotal inquiry in dealing with an issue of misnomer is whom did the plaintiff intend to sue. *Clinton v. Avello*, 105 Ill. App. 3d 336, 338 (1982). However, this determination is not controlled by the plaintiff's subjective intention of whom he intended to sue (*Ashley v. Hill*, 101 Ill. App. 3d 292, 295 (1981), citing *Proctor v. Wells Brothers Co.*, 262 Ill. 77, 80-81 (1914)) but, rather, by the objective manifestations of that intent as contained in the record. *Avello*, 105 Ill. App. 3d at 338; accord *Schryver v. Eriksen*, 255 Ill. App. 3d 418 (1993). The most probative evidence of whom the plaintiff intended to sue is the party named in the complaint. If the named party in fact exists but is not a real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party. *Greil v. Travelodge International, Inc.*, 186 Ill. App. 3d 1061, 1064 (1989); *Avello*, 105 Ill. App. 3d at 338.

The circuit court's determination of whether to allow or deny leave to file an amended complaint is within its sound discretion and will not be reversed by a reviewing court absent an abuse of that discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992); accord *In re Estate of Hoover*, 155 Ill. 2d 402 (1993); *People ex rel. Hartigan v. E&E Hauling, Inc.*, 153 Ill. 2d 473 (1992); see generally T. O'Neill & S. Brody, *Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341*, 83 Ill. B.J. 512 (1995).

■ In the case *sub judice*, plaintiffs named Agustin Gonzalez as the defendant in their original complaint. Agustin Gonzalez does in fact exist and is both the owner of the vehicle in question and is the father of Alejandro Gonzalez. Plaintiffs did not merely misspell Alejandro Gonzalez' name; plaintiffs named a different person altogether. Because Agustin Gonzalez exists but is not the real party in interest, it is logical to conclude that plaintiffs mistakenly sued the wrong party. However, plaintiffs nevertheless contend that they did not sue the wrong person because they intended to sue the person that was the driver of the vehicle and their complaint clearly addresses itself to the driver's conduct. In other words, plaintiffs argue they intended to sue the driver of the car who caused their injuries and merely misnamed him as Agustin Gonzalez. In rejecting the identical argument in the past, this court held:

> "We do not believe that such general descriptive language in a complaint is sufficient evidence of who[m] the plaintiff intended to sue. It merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries. [Citations.] The

plaintiff's rather subjective explanation of who[m] he intended to sue cannot prevail over a somewhat more obvious conclusion that he intended to sue the specific party who[m] he named in his complaint and who in fact exists." *Avello*, 105 Ill. App. 3d at 338.

Plaintiffs also submit that other factors that appear in the record are pertinent to the issue of intent. Plaintiffs point to the following facts: that the police report named the driver and the owner, who was the driver's father; that State Farm's response to plaintiffs' attorney's notice of lien and other correspondence referred to Agustin Gonzalez; and that both Agustin and Alejandro Gonzalez are represented by the same lawyers, who were aware of the discrepancy from the outset of the case. With regard to the last two facts, plaintiffs assert that State Farm and opposing counsel's failure to mention or clarify the mistake misled them. In addition, plaintiffs also place significance on the fact that Alejandro Gonzalez was aware of the lawsuit shortly after his father was served. We fail to see how any of these factors are relevant.

In addition, plaintiffs rely heavily on *Shaifer v. Folino*, 272 Ill. App. 3d 709 (1995), in their argument that there was a misnomer. There, the plaintiffs' complaint named Domenico Folino as the defendant. Domenico Folino was the father of Dominic Folino, the driver of the automobile involved in the accident at issue in the case and the real party in interest. A divided panel of this court found this to be a case of misnomer, despite the fact that the person named in the complaint actually existed, because the court found that other objective evidence overcame the presumption that the plaintiffs intended to sue the person named in the complaint. The *Shaifer* majority considered it relevant that, when the action was initiated, the plaintiffs' lawyer sent an attorney lien letter to Dominic at his home. The plaintiffs' lawyer subsequently received a letter from the insurer carrier covering the vehicle involved in the accident which listed the insured's name as Domenico. Believing this to be a correction in the spelling of Dominic's name, plaintiffs' attorney drafted the complaint accordingly. Service was received by Dominic's mother at his home, where he lived with his parents. The *Shaifer* majority found the attorney lien letter revealed an objective intent by the plaintiffs to sue Dominic Folino and that the plaintiffs had merely been inadvertently misled by the insurance company's letter into believing that Domenico was the correct spelling of Dominic's name. The court also found it relevant that service was effected at Dominic's address of record, notwithstanding the fact that it was also Domenico's address, and that plaintiffs took steps to amend the complaint as soon as they became aware of their error.

Initially, we find it of particular significance that there was a police report informing plaintiffs of the existence of a car owner separate and apart from the vehicle's operator, a fact completely absent in *Shaifer*. Furthermore, contrary to plaintiffs' view, we fail to see how this fact in any way helps their position. Clearly, the police report put plaintiffs on notice that the vehicle's driver ("Alex J. Gonzalez") and its owner ("Agustin Gonzalez") were not the same person but, rather, were two separate individuals. Moreover, the name "Alex" could not be easily confused for "Agustin," a name which, aside from the fact that it begins with the letter "A," is not even similar to "Alex." In fact, "Alex" is a familiar form of the Spanish given name "Alejandro," exactly as it is a familiar form of the English equivalent of "Alejandro," "Alexander." Thus, plaintiffs cannot now argue they could not have reasonably known the driver and the owner were different people.

We find plaintiffs' position that they were somehow misled by the failure of State Farm and/or defense counsel to correct their error to be disingenuous. It is not at all unreasonable that correspondence from an insurance carrier would reference only the name of the policyholder under whose name it probably maintains its records and with whom it has signed a contract of insurance. Furthermore, we know of no rule that obligates an insurance company or an attorney to correct the mistakes of persons pressing claims against their interests. In fact, with respect to an attorney, such action might be considered unprofessional. Finally, in contrast to *Shaifer*, plaintiffs offer no objective evidence that they initially sent out an attorney lien letter, or any other document, that correctly referenced Alejandro Gonzalez as the real party in interest, only to be later misled by an insurance company document into believing that they *misspelled* the name of the real party in interest as the very similar name of the policy holder.

Finally, plaintiffs urge that *Shaifer*, where the majority found it particularly significant that both the father (the car owner) and his son (the driver and real party in interest) resided at their mutual residence both at the time of the accident and when process of service was effected on the father, is controlling of the case *sub judice*. This is because Alejandro Gonzalez, like the driver in *Shaifer*, was aware of the lawsuit shortly after his father was served at their mutual residence. Alejandro Gonzalez, on the other hand, points to *Clinton v. Avello*, 105 Ill. App. 3d 336 (1982), and *Stevens v. Yonker*, 12 Ill. App. 3d 233 (1973), as being controlling of our decision. Both of these cases were also the basis for the *Shaifer* dissent. *Shaifer*, 272 Ill. App. 3d at 720 (Rakowski, J., dissenting).

In *Avello*, the plaintiff was involved in a vehicular accident with a car driven by Bernard J. Avello. Before the statute of limitations expired, the plaintiff filed suit against Bernard V. Avello, who was the father of Bernard J. Avello and the owner of the car that Bernard J. Avello was driving at the time of the accident. Service was effected on Bernard V. Avello and was returned as having been served on "Bernard Avello." Bernard J. Avello and Bernard V. Avello did not live at the same residence. At his deposition, which took place over a year after service of process was effected, Bernard V. Avello revealed for the first time that he was not the driver of the vehicle. Bernard V. Avello subsequently was granted summary judgment in his favor. In affirming the circuit courts' judgment, the *Avello* court found that the actual intent of the plaintiff was to sue Bernard V. Avello as manifested by the fact that Bernard V. Avello was named as defendant in the complaint; that he did exist in fact; that he was the owner of the car described in the complaint; that the summons was placed for service on Bernard V. Avello and he was served at his residence; and that Bernard J. Avello was not served.

In *Yonker*, the plaintiff was involved in a car accident with a car driven by Bruce Yonker. The plaintiff filed suit before the statute of limitations expired against William Yonker, who was the father of Bruce Yonker and the owner of the car that Bruce Yonker was driving at the time of the accident. The return of summons stated that it was served by leaving a copy with "Mrs. W. Yonker (wife)." William Yonker filed an appearance and answer that admitted ownership of the vehicle but denied other allegations. Discovery revealed the driver and real party in interest was Bruce Yonker, who resided with his father in the same house. The limitations period had lapsed and the plaintiff attempted to amend the complaint claiming "William" was a misnomer. The circuit court refused to allow amendment and granted summary judgment in favor of Bruce Yonker. In affirming the circuit court, the *Yonker* court found "the fact[s] that the owner and driver of the vehicle *** had the same last name, were father and son, and resided in the same household" were irrelevant. *Yonker*, 12 Ill. App. 3d at 234. Rather, the *Yonker* court held that the proper focus was on who was named in the complaint and received the summons.

The *Shaifer* court attempted to draw a distinction between that case and *Avello* and *Yonker*. The *Shaifer* majority decided that the significant distinction between its case and *Avello* was that the father (the car owner) and son (the car driver) in *Avello* did not reside in the same household. *Yonker* was distinguished on the basis that service was effected on the wife of the vehicle owner. We respectfully dis-

agree with the *Shaifer* court's belief that these minor factual differences are of such import that they warranted that court's marked departure from prior case law and the language of *Yonker* in particular. Rather, we believe that the proper focus of a misnomer inquiry remains "whether the proper party was named and served but by an incorrect name. The fact that both parties resided in the same household only helps explain how the mistaken identity occurred." *Shaifer*, 272 Ill. App. 3d at 721 (Rakowski, J., dissenting); *Avello*, 105 Ill. App. 3d 336; *Yonker*, 12 Ill. App. 3d 233. Consequently, we decline to apply *Shaifer* to the instant case and, therefore, we place no significance upon the fact that Agustin and Alejandro Gonzalez lived in the same household and that Alejandro Gonzalez had notice of the lawsuit against his father. Accordingly, we find the circuit court abused its discretion in permitting plaintiffs to amend their case under section 2—401(b) of the Code of Civil Procedure. We further conclude, after applying sections 13—202 and 2—616(d) of the Code of Civil Procedure (735 ILCS 5/13—202, 2—616(d) (West 1994)), that plaintiffs are barred from prosecuting an action against Alejandro Gonzalez arising out of the automobile collision that occurred on February 26, 1994.

In light of the foregoing, the order granting plaintiffs leave to amend their complaint is reversed and this cause is remanded to the circuit court for further proceedings not inconsistent with the views contained herein.

Reversed and remanded.

McNULTY, P.J., and RAKOWSKI, J., concur.