ADAM SHARPNESS, Plaintiff-Appellant, v. RANDY GRONDFELT, Defendant-Appellee.

Second District    No. 2—98—1562

Opinion filed September 28, 1999.

GALASSO, J., dissenting.

Jeffrey S. Keller, of Warrenville, for appellant.

Michael Resis, of O'Hagan, Smith & Amundsen, L.L.C., of Chicago, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Adam Sharpness, appeals the trial court's denial of his motion for leave to file an amended complaint to correct a misnomer. Upon the denial of that motion, the court dismissed plaintiff's complaint with prejudice. Plaintiff argues that the misnomer in his complaint may not result in its dismissal. We affirm.

On July 22, 1997, plaintiff filed a complaint for damages that named Randy Grondfelt (Randy) as defendant. He alleged that, on December 3, 1995, plaintiff was riding in an automobile that Randy owned and operated. Due to Randy's negligence, the vehicle left the road, struck a tree, and overturned, causing plaintiff to suffer serious injuries.

Like the complaint, the summons named Randy as defendant. The return of service stated that a deputy sheriff served Randy by leaving the summons and complaint with Eileen Grondfelt, a member of Randy's household.

On September 4, 1997, Randy filed an answer to plaintiff's com-

plaint. He admitted that he owned the vehicle in which plaintiff was riding on the date of the accident but denied all other material allegations.

Plaintiff was a minor on the date of the accident. As a result, the applicable statute of limitations expired on February 14, 1998, two years after his eighteenth birthday. See 735 ILCS 5/13—211 (West 1998).

On March 26, 1998, pursuant to section 2—401(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2—401(b) (West 1998)), plaintiff filed a motion for leave to amend his complaint to correct a misnomer. The motion stated that plaintiff's attorney had learned that the driver of the vehicle was actually Justin Grondfelt (Justin), Randy's son and a member of Randy's household. According to the motion, plaintiff was led to believe that "Randy" was Justin's legal name, rather than the name of a different person, when the insurer of the vehicle (1) referred to the driver as "Randy"; and (2) sent to plaintiff's attorney a letter that named Randy as the insured.

Plaintiff later filed an amendment to his motion, attaching an affidavit from Justin. Justin stated that, on the date of the accident, he was driving Randy's vehicle and transporting plaintiff, whom he had known for over 10 years. After Eileen Grondfelt, Justin's mother, was served with the summons and complaint, she showed them to Justin, who believed that the naming of his father was a "typo." Justin's mother told him that she would provide the complaint to his insurance company on his behalf, and Justin told plaintiff that he had been served. Randy moved to strike this affidavit as having been obtained in violation of the trial court's discovery order. The court granted that motion. With the court's permission, plaintiff subsequently deposed Justin, who confirmed some of the statements that he made in the affidavit.

Randy filed a response to plaintiff's motion for leave to amend. He attached a police report dated January 8, 1996, pertaining to the accident. He also submitted a notice of hospital lien dated May 17, 1996. Both documents named Justin as the person who allegedly caused the accident. Randy also moved to dismiss the complaint pursuant to section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1998)). He alleged that he was not legally responsible for Justin's conduct on the date of the accident.

The trial court found that no objective evidence supported plaintiff's claim of misnomer and denied his motion for leave to amend. It then ruled that plaintiff made no claim that Randy was vicariously liable for Justin's alleged negligence and dismissed plaintiff's complaint with prejudice. Plaintiff timely appealed to this court.

Plaintiff first argues that the trial court erred by granting Randy's motion to strike Justin's affidavit. Plaintiff contends that he was entitled to procure that affidavit, which contains information that demonstrates that his naming of Randy was a misnomer. We need not address this issue. For the reasons that follow, even if we review the affidavit as part of the record, the trial court properly concluded that no misnomer occurred.

■ "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2—401(b) (West 1998). A misnomer occurs when a plaintiff brings an action and a summons is served upon a real party in interest but the process and complaint are styled in other than the party's correct name. *Zito v. Gonzalez*, 291 Ill. App. 3d 389, 392-93 (1997). If the plaintiff does not sue the proper party under the wrong name but instead mistakenly sues the wrong party, the misnomer rule does not apply. *Schryver v. Eriksen*, 255 Ill. App. 3d 418, 420 (1993).

■ In evaluating a claim of misnomer, the pivotal task is to determine whom the plaintiff intended to sue. However, this inquiry is not controlled by the plaintiff's subjective intent but by the objective manifestations of that intent as contained in the record. We may not reverse the trial court's determination unless that court abused its discretion. *Zito*, 291 Ill. App. 3d at 393.

■ The most probative evidence of whom the plaintiff intended to sue is the party named in the complaint. If the named party in fact exists but is not a real party in interest, a court may conclude that the plaintiff mistakenly sued the wrong party. *Zito*, 291 Ill. App. 3d at 393. That is precisely what happened here. Plaintiff's complaint named Randy as defendant. As plaintiff concedes, Randy in fact exists but is not a real party in interest. Therefore, the most probative evidence suggests that this is not a case of misnomer.

Plaintiff responds by pointing to the following facts: (1) Justin and Randy shared a residence; (2) Justin had actual notice of the lawsuit; (3) Justin believed that he was the intended defendant; and (4) plaintiff's complaint was directed at the alleged negligence of the operator of the vehicle. Plaintiff thus likens this case to *Shaifer v. Folino*, 272 Ill. App. 3d 709 (1995). There, the plaintiffs sued Domenico Folino, claiming that his negligent driving caused an automobile accident. However, the actual driver and real party in interest was Domenic Folino, Domenico's son. The two shared a residence, and service was effected upon a third member of the household. Domenic had actual notice of the lawsuit and believed that he was the intended defendant. The Appellate Court, First District, held that, although the

complaint named a person who in fact existed but was not a real party in interest, these additional facts demonstrated that the plaintiffs intended to sue Domenic and that the naming of Domenico was a misnomer. *Shaifer*, 272 Ill. App. 3d at 716-17.

In *Zito*, however, the first district all but overruled *Shaifer*. There, the real party in interest was Alejandro Gonzalez, but the complaint named his father, Agustin Gonzalez, as defendant. Explicitly criticizing *Shaifer*, the court refused to place significance upon the fact that the two resided in the same household or the fact that Alejandro had actual notice of the lawsuit. "[T]he proper focus of a misnomer inquiry remains 'whether the proper party was named and served but by an incorrect name. The fact that both parties resided in the same household only helps explain how the mistaken identity occurred.' " *Zito*, 291 Ill. App. 3d at 397, quoting *Shaifer*, 272 Ill. App. 3d at 721 (Rakowski, J., dissenting).

■ We agree with the analysis in *Zito*. Where the real party in interest lived, whether he knew about the suit, and whether he believed that the complaint was directed at him are of no import in determining whom plaintiff intended to sue. Those facts certainly do not overcome the evidence of plaintiff's intent that is present on the face of the complaint. See also *Stevens v. Yonker*, 12 Ill. App. 3d 233, 234 (1973) (court places no value upon fact that parties shared residence). Therefore, we decline plaintiff's invitation to consider them.

For similar reasons, the fact that plaintiff's complaint was directed at the alleged negligence of the driver of the vehicle is irrelevant. We note that the court in *Shaifer* considered this too as a manifestation of a misnomer. *Shaifer*, 272 Ill. App. 3d at 716. However, relying upon pre-*Shaifer* precedent, *Zito* rejected the consideration of this factor as well:

> " 'We do not believe that such general descriptive language in a complaint is sufficient evidence of who[m] the plaintiff intended to sue. It merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries. [Citations.] The plaintiff's rather subjective explanation of who[m] he intended to sue cannot prevail over a somewhat more obvious conclusion that he intended to sue the specific party who[m] he named in his complaint and who in fact exists.' " *Zito*, 291 Ill. App. 3d at 393-94, quoting *Clinton v. Avello*, 105 Ill. App. 3d 336, 338 (1982).

Again, we agree with the reasoning in *Zito*. Any well-written complaint will describe the acts that led to the plaintiff's injury. Therefore, if such drafting manifested an intent to sue the person who committed those acts, the misnomer rule would apply in nearly every case. That is not the law. The allegations in plaintiff's complaint were directed at

the conduct of the driver of the vehicle, but the complaint named someone else as defendant. This is the very essence of mistaken identity. Because plaintiff simply sued the wrong person, the misnomer rule does not apply. See *Schryver*, 255 Ill. App. 3d at 420.

Plaintiff next raises an issue that was absent from the cases that we have discussed. He argues that he and Justin had known each other for approximately a decade and that the two were sitting in the same vehicle when the accident occurred. Obviously, then, plaintiff knew the identity of the driver. Plaintiff concludes that, objectively, he could have named Randy in the complaint only if he had been misled into believing that "Randy" was Justin's legal name; and plaintiff's attorney was so misled by his dealings with Randy's insurance company.

This argument is unavailing. First, as to the letter that named Randy as the insured, it is "not at all unreasonable that correspondence from an insurance carrier would reference only the name of the policyholder under whose name it probably maintains its records and with whom it has signed a contract of insurance." *Zito*, 291 Ill. App. 3d at 395. This would be so even if, as here, someone else involved the vehicle in an accident. Second, although plaintiff claims that the insurer referred to the *driver* as "Randy," the record contains no supporting evidence. Therefore, especially when plaintiff actually knew that Justin was driving, plaintiff may not successfully claim that Randy's insurance company misled him or his attorney into placing another name upon his complaint.

Furthermore, plaintiff failed to amend his complaint in the face of other, more persuasive evidence that "Justin" was the driver's proper name. This evidence included the following: (1) in his answer, "Randy Grondfelt" denied plaintiff's allegation that he was driving the vehicle; (2) a police report named "Justin S. Grondfeldt [*sic*]" as the driver; and (3) a notice of hospital lien described the cause of the accident as "the alleged negligence or wrongful act of Justin Grondfelt." Plaintiff had access to all of these documents at least five months before the applicable statute of limitations expired, yet he did not amend his complaint to name Justin as defendant. The fact that plaintiff knew that Justin was driving the vehicle only fosters the conclusion that, when he named someone else as defendant, he did so because he intended to sue that person. Plaintiff is simply unable to overcome the objective evidence that weighs against his claim of misnomer.

Finally, plaintiff argues that Randy should be estopped from objecting to his motion to amend because, although the Grondfelts and Randy's insurance company knew of plaintiff's mistake, Randy failed to move to dismiss the complaint until the statute of limitations had

expired. Plaintiff cites the well-established rule that, when a plaintiff intends to sue a real party in interest but uses an incorrect name, the party in interest will be bound by any judgment in the case unless he moves to dismiss the improperly styled complaint. *Livestock Mortgage Credit Corp. v. Keller*, 336 Ill. App. 282, 286 (1949); see *Ingham v. MFA Insurance Co.*, 18 Ill. App. 3d 560, 566 (1974). By its terms, however, this rule has no application when no misnomer has occurred, as we have concluded in the present case.

Furthermore, estoppel does not apply under these facts. First, neither the Grondfelts nor Randy's insurance company was obligated to correct plaintiff's mistake. See *Zito*, 291 Ill. App. 3d at 395. Second, the record contains no evidence that any party misled plaintiff into believing that Randy and Justin were the same person. See *Zito*, 291 Ill. App. 3d at 395.

Finally and most significantly, plaintiff received ample notice that he had not sued the driver of the vehicle. Randy's answer, which was filed more than five months before the statute of limitations expired, was sufficient to inform plaintiff that further inquiry was required. Reasonable diligence would have led to the discovery and correction of the mistake. As a result, plaintiff is unable to state a claim for estoppel. See *Nickels v. Reid*, 277 Ill. App. 3d 849, 856-58 (1996).

In sum, the trial court properly concluded that no misnomer occurred and thus properly denied plaintiff's motion to amend. That order is affirmed. Because plaintiff argues no alternative grounds to avoid the dismissal of his complaint, the trial court's order of dismissal is likewise affirmed.

Affirmed.

THOMAS, J., concurs.

JUSTICE GALASSO, dissenting:

I dissent because I believe that the current interpretation of section 2—401(b) exacts too harsh a penalty on litigants. As embodied by such cases as *Zito*, the relief afforded by section 2—401(b) to a party who misnames a defendant is not available where the "misnamed person" actually exists. Such an interpretation makes sense if the "misnamed person" actually exists but has no connection with the occurrence or the parties involved in the occurrence from which the lawsuit arose. However, where, as in the instant case, the "misnamed person" actually exists but was also the owner of the car involved in the accident, was the father of the driver and resided in the same residence as the driver, the plaintiff should be entitled to relief under that section.

Section 2—401(b) was enacted to allow a plaintiff the benefit of correcting a pleading or a person named therein without being impacted by the running of the statute of limitations. The *Zito* court acknowledged that what the trial court must do is to determine whom the plaintiff intended to sue. That test must be an objective one and must be resolved based upon all of the facts and the conduct of the plaintiff.

If we continue to follow that line of cases of which *Zito* is the latest example, then in all cases, regardless of their individual facts, where the party was sued by the wrong name and, in fact, there is an existing person who is known by that wrong name, section 2—401(b) relief will not be afforded to the plaintiff. In effect, the results of the objective tests regarding the plaintiff's intent are irrelevant.

I believe that reviewing courts should strive to give a reasonable meaning to the intent of section 2—401(b). This can only be done by reviewing the proceedings that occurred before the trial court and determining whether the trial court abused its discretion in finding that the plaintiff sued the intended party under the wrong name.

In this case, I would conclude that the trial court abused its discretion. The trial court followed the logic of *Zito* and did not allow the plaintiff a meaningful opportunity to present objective evidence of whom the plaintiff intended to sue because the named party actually existed. In addition, the dismissal of the plaintiff's complaint with prejudice precluded the plaintiff from filing a motion pursuant to section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 1994)). While *Zito* suggests that a reviewing court may determine that the plaintiff is not entitled to relief under that section even though that issue was not before the trial court, I believe that, when the reviewing court affirms the denial of relief to a plaintiff pursuant to section 2—401(b), the interests of justice would require a remand to the trial court for the purpose of allowing a plaintiff to request a section 2—616(d) hearing.

For the above reasons, I respectfully dissent.