CONNIE K. FASSERO, Plaintiff-Appellant, v. THOMAS TURIGLIATTO, Defendant-Appellee.

Fourth District   No. 4—03—0887

Argued April 20, 2004.—Opinion filed June 4, 2004.

Thomas Bordenkircher (argued), of Drummond Law Office, of Litchfield, for appellant.

Scott D. Bjorseth (argued) and Melinda B. Barton, both of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee.

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Connie K. Fassero, was involved in an automobile accident and filed a personal injury suit against the person whom she thought was the driver of the vehicle but who instead was the owner of the vehicle. Defendant moved to dismiss plaintiff's complaint, contending he was not a proper party. Plaintiff later learned defendant was not the driver and requested leave to amend after the expiration of the statute of limitations. The trial court denied her motion to amend and granted defendant's motion to dismiss. We reverse and remand.

## I. BACKGROUND

On April 7, 2001, plaintiff's vehicle was struck by a vehicle driven by Todd Turigliatto. Plaintiff said that at the scene, Todd identified himself as his brother, Thomas Turigliatto, the owner of the vehicle. Todd denied plaintiff's assertion and claimed she must have misunderstood. Todd said he mentioned his brother's name to plaintiff at the scene either in reference to being the owner or insured of the vehicle.

Randall Emery, a deputy sheriff for the Macoupin County sheriff's department, responded to the scene of the accident. According to Deputy Emery's accident report, the driver was Todd Turigliatto and the owner was Thomas Turigliatto. Plaintiff said she did not receive a copy of the accident report at the scene and did not recall receiving it in the mail as Deputy Emery told her she would. Todd said he received a copy of the accident report at the scene.

Thomas was served by substitute service on his mother on April 8, 2003, with a summons and the complaint. Thomas and Todd lived together with their mother. Thomas saw the summons when he arrived home from work that evening and showed it to his brother, Todd.

On May 2, 2003, plaintiff filed a motion for leave to amend her complaint claiming that (1) she intended to sue Todd; (2) Todd received timely notice of the suit pursuant to Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)); (3) Todd would not suffer prejudice in defending the action and knew, or should have known, that but for the mistake, the action would have been originally brought against him; and (4) the claim alleged in the amended pleading arose from the same facts as those alleged in the original pleading. Todd was served the same day plaintiff's motion was filed.

On May 5, 2003, Thomas filed a motion to dismiss, claiming he was not a proper party to the suit as he was not the driver of the vehicle as plaintiff alleged in her complaint. Attached to the motion was a copy of the accident report, listing Todd as the driver and Thomas as the owner of the vehicle involved.

On September 25, 2003, the trial court denied plaintiff's motion for leave to amend, finding that because plaintiff sued the wrong party, it was a case of mistaken identity governed by section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 2002)), not misnomer. The court also relied on the fact that an accident report existed and indicated the driver of the vehicle was Todd, not Thomas. This appeal followed.

## II. ANALYSIS

### A. Misnomer or Mistaken Identity

A central issue in this case is whether the relation-back doctrine applies. If this is a case of a misnomer, the relation-back doctrine applies, and the amended complaint naming the proper defendant is considered filed upon the filing date of the original complaint. *Vaughn v. Speaker*, 126 Ill. 2d 150, 158-59, 533 N.E.2d 885, 888-89 (1988). Service upon the misnamed defendant after the statute of limitations has expired does not bar the suit. *Vaughn*, 126 Ill. 2d at 158, 533 N.E.2d at 888. If this is a case of mistaken identity, the relation-back doctrine does not apply unless the factors set forth in section 2—616(d) are satisfied. *Vaughn*, 126 Ill. 2d at 159, 533 N.E.2d at 889. If the factors are not satisfied, plaintiff is required to have sued the proper defendant within the applicable statute of limitations. *Vaughn*, 126 Ill. 2d at 159, 533 N.E.2d at 889.

■ Misnomer applies in those cases where the proper party or real

party in interest is sued under the wrong name. *Thielke v. Osman Construction Corp.*, 129 Ill. App. 3d 948, 950, 473 N.E.2d 574, 576 (1985). "A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name." *Shaifer v. Folino*, 272 Ill. App. 3d 709, 713, 650 N.E.2d 594, 597 (1995) (First District). The misnomer rule is a narrow one and applies only where a plaintiff brings an action and a summons is served upon a party intended to be made a defendant. *Zito v. Gonzalez*, 291 Ill. App. 3d 389, 392, 683 N.E.2d 1280, 1283 (1997) (First District).

■ In contrast, mistaken identity is when the wrong party is sued. *Thielke*, 129 Ill. App. 3d at 951, 473 N.E.2d at 576. A case of mistaken identity is governed by section 2—616(d) of the Civil Code of Procedure (735 ILCS 5/2—616(d) (West 2002)), which provides:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, *** even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."

We first note that Public Act 92—116, effective January 1, 2002, changed this statutory section. Pub. Act 92—116, § 5, eff. January 1, 2002 (2001 Ill. Laws 1679, 1680). Although there is a plethora of case law interpreting the older version of section 2—616(d), no published opinions apply to the amended version.

■ "Whether a particular case involves misnomer or mistaken identity depends on the intent of the plaintiff." *Shaifer*, 272 Ill. App. 3d at 714, 650 N.E.2d at 597. "However, this determination is not controlled by the plaintiff's subjective intention of whom he intended

to sue [citations] but, rather, by the objective manifestations of that intent as contained in the record." *Zito*, 291 Ill. App. 3d at 393, 683 N.E.2d at 1283. The most probative evidence of whom the plaintiff intended to sue is the party named in the complaint. *Zito*, 291 Ill. App. 3d at 393, 683 N.E.2d at 1283. "If the named party in fact exists but is not a real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party." *Zito*, 291 Ill. App. 3d at 393, 683 N.E.2d at 1283. We will not reverse the trial court's determination unless the court abused its discretion. *Sharpness v. Grondfelt*, 307 Ill. App. 3d 676, 679, 718 N.E.2d 327, 330 (1999).

The facts in *Shaifer*, *Zito*, and *Sharpness* are strikingly similar to those presented here. In *Shaifer*, a personal injury suit, the plaintiff sued the owner of the vehicle believing she had sued the driver of the vehicle. Dominic, the driver, was Domenico's, the owner's, son. The plaintiff mistakenly sued Domenico. Father and son resided at the same address. Prior to filing suit, the plaintiff's counsel sent a lien letter to Dominic at his home. Later, counsel received a letter from the insurance carrier naming the insured, Domenico. The plaintiff's counsel assumed the insurance letter contained the correct spelling of the intended defendant. The plaintiff perfected service upon Domenico by leaving the summons and complaint with Dominic's mother, Domenico's wife. The court, relying on the facts pertaining to the lien letter and service of the complaint, held it was a case of misnomer and the plaintiff should have been allowed to amend her complaint to correct the defendant's name. *Shaifer*, 272 Ill. App. 3d at 720, 650 N.E.2d at 601.

In *Shaifer*, when the process server left the summons with the mother and wife, the mother indicated to the process server that the summons and complaint were for her son, not her husband, even though her husband's name appeared on the documents. *Shaifer*, 272 Ill. App. 3d at 716, 650 N.E.2d at 598. The record indicated that Dominic was informed of the suit the same day the summons was left at his home. He told his parents that he would let the insurance company handle the suit. The court relied on these facts to determine the case involved a misnomer, that the real party in interest was in fact sued. *Shaifer*, 272 Ill. App. 3d at 718-19, 650 N.E.2d at 600. The court relied heavily on the fact that Dominic was served, and Domenico was not. The plaintiff had simply misnamed the correct party. The court found the identity of the true party in interest was no secret to Dominic or his family as reflected by his mother's statement to the process server that she knew the summons and complaint were for her son. *Shaifer*, 272 Ill. App. 3d at 719, 650 N.E.2d at 600.

In *Zito*, another personal injury suit where the plaintiff intended

to sue the driver, Alejandro Gonzalez, the son, but in error sued the owner, Agustin Gonzalez, Alejandro's father. In presuit correspondence with the insurance company, there was no mention of Alejandro, only reference to Agustin as the insured. The police and accident reports listed "Alex J. Gonzalez" as the driver of the vehicle owned by Agustin. Nevertheless, the plaintiff's complaint named Agustin as the only defendant. The court found that since Agustin Gonzalez did in fact exist, the plaintiff had not merely misspelled Alejandro's name but had named a different person altogether. *Zito*, 291 Ill. App. 3d at 393, 683 N.E.2d at 1284.

In *Zito*, the plaintiff relied heavily on *Shaifer* in his argument that there was a misnomer, not mistaken identity. The court, however, distinguished *Shaifer* by pointing out the existence of a police report listing the name of the driver separate and apart from the name of the owner. *Zito*, 291 Ill. App. 3d at 395, 683 N.E.2d at 1284-85. There was no evidence of such a report in *Shaifer*. The court found the police report put the plaintiff on notice that there were two separate individuals involved, and with the exception that both names started with the letter "A," the names were not similar. The court put little significance on the facts that Alejandro and Agustin lived at the same address and Alejandro had notice of the lawsuit against his father. *Zito*, 291 Ill. App. 3d at 397, 683 N.E.2d at 1286. Those were facts the *Shaifer* court relied upon in determining that the misnomer rule applied. The *Zito* court held it was a case of mistaken identity, not misnomer, and the plaintiff should be barred from prosecuting an action against Alejandro after the expiration of the statute of limitations. *Zito*, 291 Ill. App. 3d at 397, 683 N.E.2d at 1286.

In *Sharpness*, the plaintiff sought to recover for personal injuries he sustained in an automobile accident while a passenger in a vehicle driven by Justin Grondfelt. Randy Grondfelt, Justin's father and owner of the vehicle being driven by Justin, was named as the defendant when plaintiff wrongfully assumed that Randy was Justin's legal name. The plaintiff relied upon correspondence from the insurance company, which referred only to Randy, not Justin, as the insured. The court, following *Zito*, held no misnomer occurred, and the plaintiff was not entitled to amend his complaint to correct the identity of the driver due to the expiration of the statute of limitations. *Sharpness*, 307 Ill. App. 3d at 682, 718 N.E.2d at 332.

■ We agree with *Zito* and *Sharpness* and distinguish *Shaifer* to the extent that each supports our finding that the case *sub judice* involves a case of mistaken identity, not misnomer. Here, the real party in interest, Todd, was not originally sued or served. This was not a case where the correct party's name was wrong but a case where

plaintiff was mistaken as to the correct party's identity. Thomas's mother gave Thomas the documents upon his arrival at home. She did not give the documents to Todd. Although Thomas showed the documents to Todd on the day Thomas was served, there was no evidence that Thomas, Todd, or their mother assumed the wrong party was sued. It was reasonable for them to assume (without reading the complaint) that Thomas was the intended defendant as the owner of the vehicle.

Any well-written complaint will describe the acts that led to the plaintiff's injury. Therefore, if such drafting manifested an intent to sue the person who committed those acts, the misnomer rule would apply in every case. *Sharpness*, 307 Ill. App. 3d at 680, 718 N.E.2d at 331. The allegations in plaintiff's complaint were directed at the conduct of the driver of the vehicle, but the complaint named someone else as defendant. This is the very essence of mistaken identity. "Because plaintiff simply sued the wrong person, the misnomer rule does not apply." *Sharpness*, 307 Ill. App. 3d at 681, 718 N.E.2d at 331. Plaintiff's complaint alleged the driver of the Turigliatto vehicle committed several violations, which ultimately harmed her. Nowhere in the complaint does she allege the owner of the vehicle violated his duty of care to her. For these reasons, we find this case is one of mistaken identity.

### B. Factors of Section 2—616(d)

Because we have determined this is a case of mistaken identity, not misnomer, we turn to the statute to determine whether plaintiff's amended complaint against Todd relates back to the date of filing of her original complaint for purposes of the statute of limitations. In doing so, we look to the factors set forth in section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 2002)).

If plaintiff is able to satisfy the factors, then her amended complaint assumes the filing date of her original complaint and her cause of action may be pursued against Todd despite the expiration of the statute of limitations. The statutory factors are as follows: (1) whether the statute of limitations had not expired when the original action was commenced; (2) whether the person, within the time that the action might have been brought or the rights asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) whether it ap-

pears that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2—616(d) (West 2002).

First, the statute of limitations had not expired when the original action was commenced. The accident occurred on April 7, 2001. The original complaint was filed on March 31, 2003, approximately one week prior to the expiration of the applicable statute of limitations. See 735 ILCS 5/13—202 (West 2002) (two-year time period for filing a personal injury action). Although we do not condone plaintiff's final-hour filing, her original action was nevertheless timely filed.

Second, we determine that Todd had notice of the lawsuit and knew or should have known that, but for plaintiff's misidentification, it was he who should have been sued. We find his knowledge of the suit on the day Thomas was served effectively defeats any claim that he would be prejudiced by being expected to assert a defense on the merits at this late date.

Previously, section 2—616(d) required knowledge of the action *and* service of summons upon the intended party within the time prescribed by statute. The January 1, 2002, amendment eliminated the service requirement and specified only that the real party in interest receive notice of the action within the time permitted under Rule 103(b). The purpose of Rule 103(b) is to allow service of a defendant after the statute of limitations has expired if the plaintiff can show that he or she exercised due diligence in obtaining service. Thus, we find that this second factor requires that the true defendant has received notice, and the plaintiff is required to show that he received that notice within the time that would have been excusable for service upon that person pursuant to Rule 103(b). See 735 ILCS 5/2—616(d) (West 2002).

The record indicates that Thomas was served on April 8, 2003, one day after the statute of limitations expired and one week after the filing of plaintiff's complaint. The record further indicates that Todd received notice of the suit on April 8, 2003. The question then is, Would notification on April 8, 2003, be considered acceptable under Rule 103(b)? Did plaintiff exercise due diligence in serving Thomas? We note that the date of service on Thomas is only relevant to this inquiry because it happens to be the same date that Todd was notified of the action.

We find the one-week time lapse between the date of filing the complaint and service upon Thomas was sufficient to comply with Rule 103(b). One of the purposes of Rule 103(b) is to protect defendants from stale claims, thereby affording defendants a fair opportunity to investigate the circumstances while witnesses and facts

are accessible. *Parker v. Universal Packaging Corp.*, 200 Ill. App. 3d 882, 885, 558 N.E.2d 203, 205 (1990). In light of the purpose of Rule 103(b) and the facts of this case, a one-week delay cannot be found to demonstrate that plaintiff did not make a diligent effort in serving defendant.

Thomas said he showed Todd the summons and complaint on April 8, 2003. It therefore follows that a reading of plaintiff's complaint would demonstrate to Todd that he was the one that should have been named in the suit, not Thomas. Todd was aware, or should have been aware, of the nature of the action after seeing plaintiff's complaint and therefore would not be prejudiced in maintaining a defense on the merits.

The third and final factor is easily resolved. The amended pleading sets forth a cause of action that grew out of the same transaction or occurrence as that set forth in the original pleading. Plaintiff's amended complaint alleges the driver of the Turigliatto vehicle (Todd) was negligent, caused an accident on April 7, 2001, and proximately caused her injuries. It was this very accident that was the subject of the original complaint filed against Thomas, the misidentified driver of the Turigliatto vehicle. The same set of facts is set forth in plaintiff's original and amended complaints.

Defendant urges us to follow *Morton v. Madison County Nursing Home Auxiliary*, 198 Ill. 2d 183, 761 N.E.2d 145 (2001), *Zito*, and *Sharpness* by affirming the trial court and holding plaintiff is unable to sustain her cause of action against Todd. We decline to do so because each of the cases listed relied on the version of section 2—616(d) that required service upon the real party in interest within the statute of limitations period. Each of those cases held that the requirements of section 2—616(d) were not met; and thus, the plaintiff's claim against the real party in interest was barred. See *Morton*, 198 Ill. 2d at 194, 761 N.E.2d at 153; *Zito*, 291 Ill. App. 3d at 397, 683 N.E.2d at 1286; *Sharpness*, 307 Ill. App. 3d at 682, 718 N.E.2d at 332. We cannot ignore the requirements of the version of the statute upon which those cases relied. We find that service was a vital issue in those cases.

In its amendment of section 2—616(d), the legislature specifically dispensed with the service requirement, thus relaxing the burden on the plaintiff by requiring only proof of notice within the limitations period. We find the statutory factors of section 2—616(d) have been met, and plaintiff should be allowed to pursue her action as set forth in her amended complaint against Todd, the real party in interest. Our holding here is not only consistent with the statutory language and previous case law, but it is also supported by the long-standing premise that controversies should be resolved on their merits and not

upon mere technicalities. *Fischer v. Senior Living Properties, L.L.C.*, 329 Ill. App. 3d 551, 555, 771 N.E.2d 505, 510 (2002).

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.