SECOND DIVISION

                                  Date Filed: September 28, 2004 

No. 1-03-0270

MATOI WHEATON,                 ) Appeal from the

                               ) Circuit Court of

       Plaintiff-Appellant,    ) Cook County.

                               ) 

       v.                      ) No. O1 M1 304650

                               )

JESSE STEWARD,                 ) Honorable

                               ) James P. McCarthy,

       Defendant-Appellee.     ) Judge Presiding.

     JUSTICE HALL delivered the opinion of the court:

     The plaintiff, Matoi Wheaton, appeals from an order of the circuit court granting the motion of the defendant, Jesse Steward, to strike and dismiss her amended complaint and denying her motion to strike the defendant's motion to dismiss.  

     On appeal, the plaintiff raises two issues: whether the circuit court erred when it granted the defendant's motion to dismiss and whether the circuit court erred when it denied the plaintiff's motion to strike the defendant's motion to dismiss.

     According to the pleadings in this case, on September 30, 1999, the plaintiff was involved in an automobile accident.  The driver of the other car identified himself to the plaintiff as "Jason Steward."  On September 6, 2001, the plaintiff filed a complaint for personal injury and property damage and named Jason Steward as the defendant.  Summons was issued to be served on Jason Steward at 7333 South Seeley Avenue, Chicago.  Two attempts to serve Jason Steward revealed that Jason Steward was "UNKNOWN - per JACQULINE" and "JACKIE STEWARD."   A Jason Steward, not the defendant Jesse Steward, was then served with the complaint via the Illinois Secretary of State's office.  The statute of limitations expired on September 30, 2001.

     On February 5, 2002, the circuit court granted the plaintiff's motion to file an amended complaint correcting the defendant's name from "Jason" to "Jesse."   The defendant was served at 7320 South Seeley Avenue, Chicago, on May 16, 2002, and filed an appearance and a jury demand.

     On July 15, 2002, the defendant filed a motion to strike and dismiss the amended complaint on the basis that it was not brought against the defendant within the applicable two-year statute of limitations.  On August 2, 2002, the plaintiff served written interrogatories to be answered by the defendant and scheduled the defendant's deposition.  On September 3, 2002, the defendant's motion to strike and dismiss was taken off call.  Subsequently, the defendant's motion to strike and dismiss was re-noticed for hearing.

     In her response to the motion to strike and dismiss, the plaintiff maintained that, at the time of the accident, the defendant identified himself to her as "Jason Steward" deliberately to mislead her and that only after the statute of limitations had run did the defendant reveal his true identity.  The response was supported by the plaintiff's affidavit averring that the defendant had identified himself to her as "Jason Steward" at the time of the accident.  The response was also supported by the affidavit of the plaintiff's attorney in which he stated that it was necessary to take the defendant's deposition in order to obtain evidence that the defendant misidentified himself to the plaintiff.

     On December 13, 2002, the plaintiff brought an emergency motion to strike or delay the defendant's motion to strike and dismiss her complaint.  The plaintiff argued that she had been unable to complete discovery relevant to the defendant's motion due to the postponements of the defendant's deposition and his failure to answer the written discovery.

     On December 19, 2002, the defendant filed his reply to the plaintiff's response which was accompanied by his answers to the plaintiff's interrogatories.  According to the defendant's answers, he had never been known by the name of "Jason Steward" and he did not identify himself to the plaintiff as "Jason Steward" on September 30, 1999.

     On December 30, 2002, following a hearing, the circuit court granted the defendant's motion to strike and dismiss the plaintiff's amended complaint and denied the plaintiff's motion to strike.  This appeal followed.

ANALYSIS

     Initially, we observe that the defendant's motion to dismiss failed to designate the applicable section of the Code of Civil Procedure (the Code) (735 ILCS 5/1-101 
et
 
seq.
 (West 2000)).  Meticulous practice dictates that movants clearly state the section of the Code under which a motion to dismiss is brought.  
Storm & Associates, Ltd. v. Cuculich
, 298 Ill. App. 3d 1040, 1046, 700 N.E.2d 202 (1998).  While failure to properly label a motion to dismiss is not a pleading practice that should be encouraged, reversal for such a deficiency is appropriate only when prejudice to the nonmovant results.  
Cuculich
, 298 Ill. App. 3d at 1046.

     While the order dismissing the amended complaint did not specify the grounds the circuit court relied on in granting the motion to dismiss, the parties are in agreement that the dismissal was based on the untimeliness of the complaint.  Therefore, the applicable section is section 2-619 of the Code.  See 735 ILCS 5/2-619(a)(5) (West 2000) (the action was not commenced within the time limited by law).
(footnote: 1) 

I. Standard of Review

     Our review of a dismissal pursuant to section 2-619 of the Code is 
de
 
novo
.  
People ex rel. Devine v. Time Consumer Marketing, Inc.
, 336 Ill. App. 3d 74, 78, 782 N.E.2d 761 (2002).

II. Discussion

     In ruling on a motion to dismiss under section 2-619 of the Code, the court must accept all well-pled facts in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff.  
Cuculich
, 298 Ill. App. 3d at 1047.  On review of an order granting dismissal pursuant to section 2-619, we must determine whether a genuine issue of material fact existed which should have precluded dismissal and, if not, whether the dismissal was proper as a matter of law.  
Time Consumer Marketing, Inc.
, 336 Ill. App. 3d at 78.

     A misnomer, where a plaintiff sues and serves the correct party but calls that party by the wrong name, "'is not a ground for dismissal but the name of [the] party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires.'"  
Rapier v. First Bank & Trust Co. of Illinois
, 309 Ill. App. 3d 71, 80, 721 N.E.2d 686 (1999), quoting 735 ILCS 5/2-401(b) (West 1994).  However, the misnomer rule is a narrow one and applies only where a plaintiff brings an action and a summons is served upon a party intended to be made a defendant.  
Zito v. Gonzalez
, 291 Ill. App. 3d 389, 392, 683 N.E.2d 1280 (1997).  In contrast, mistaken identity occurs when the wrong party is named and served.  
Rapier
, 309 Ill. App. 3d at 80.  In cases of mistaken identity, section 2-616 of the Code applies, and service is required before the running of the statute of limitations.  
Rapier
, 291 Ill. App. 3d at 80; see 735 ILCS 5/2-616(d) (West 2000).
(footnote: 2)
     In her complaint, the plaintiff named Jason Steward as the defendant and served a Jason Steward, not the defendant, via the Illinois Secretary of State.  She did not name Jason Steward and then serve Jesse Steward.  In addition, after the plaintiff moved to amend her complaint to name the defendant, she sought the entry of a default judgment against Jason Steward.   Since the plaintiff named and served the wrong party, this case is one of mistaken identity, not misnomer.  Therefore, the plaintiff was required to show compliance with the requirements of section 2-616(d) and serve the defendant prior to the running of the statute of limitations, which she did not do.  Nonetheless, we determine that genuine issues of material fact exist as to whether the defendant is estopped from raising the statute of limitations.

     It is well settled that a party will not be equitably estopped from asserting a statute of limitations defense where a plaintiff fails to show that: "'(1) defendant has made some misrepresentation or concealment of a material fact; (2) defendant had knowledge, either actual or implied, that the representations were untrue at the time they were made; (3) plaintiff was unaware of the untruth of the representations both at the time they were made and the time they were acted upon; (4) defendant either intended or expected his representations or conduct to be acted upon; (5) plaintiff did in fact rely upon or act upon the representations or conduct; and (6) plaintiff has acted on the basis of the representations or conduct such that he would be prejudiced if defendant is not estopped.'"  
Nickels v. Reid
, 277 Ill. App. 3d 849, 855-56, 661 N.E.2d 442 (1996), quoting 
Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.
, 69 Ill. App. 3d 696, 703, 388 N.E.2d 108 (1979).  A plaintiff must have had no knowledge or means of knowing the true facts within the applicable statute of limitations.  
Nickels
, 277 Ill. App. 3d at 856.

     We find 
Nickels
 to be instructive.  In 
Nickels
, the plaintiff was involved in an accident.  The other driver gave him the names of Patricia Villareal and State Farm.  The plaintiff filed suit against Ms. Villareal.  Ms. Villareal filed an answer denying that she was used or was in possession of the car at the time of the accident.  In her answers to interrogatories, Ms. Villareal identified "Chris Reid" as a person who witnessed the accident.  Ms. Villareal also indicated in her answers that she was the owner rather than the driver of the car.  In his deposition, the plaintiff stated that, at the time of the accident, the other driver had given him a piece of paper with Ms. Villareal's name and that of State Farm on it.  He acknowledged that the driver did not say anything as to whether it was her name on the paper or the owner of the vehicle.  After deposing Ms. Villareal and Ms. Reid, the plaintiff learned that Ms. Villareal had loaned her car to Ms. Reid, who was driving it at the time of the accident.  The plaintiff then amended his complaint to state that Ms. Reid was driving the car but still sought judgment only against Ms. Villareal based on an agency theory.  A year later, the plaintiff filed a second amended complaint naming Ms. Reid as a defendant.  Ms. Reid's motion to dismiss on the basis of the statute of limitations was granted by the circuit court.  

     In affirming the circuit court, the reviewing court rejected the plaintiff's argument that there was a genuine issue of material fact as to whether the defendant was estopped from raising the statute of limitations.  Regardless of any misrepresentations by Ms. Reid, Ms. Villareal's answer denying that she was the driver of the car was sufficient to put the plaintiff on notice prior to the running of the statute of limitations that an inquiry into the true identify of the driver was necessary.  Moreover, after the expiration of the statute of limitations, when the plaintiff conclusively knew that Ms. Reid was the driver of the car, he still did not name her as a defendant.  

     The 
Nickels
 court distinguished two earlier cases in which courts had determined genuine issues of material fact on the issue of estoppel existed.  In both cases, the plaintiffs failed to name the proper defendants prior to the expiration of the statute of limitations, and the defendants had not filed answers to the complaints denying the allegations of wrongdoing prior to the expiration of the limitations period.  Finally, the plaintiffs in those cases acted promptly in attempting to name the proper defendants.  See 
Vaughn v. Speaker
, 126 Ill. 2d 150, 533 N.E.2d 885 (1988), 
cert.
 
denied
 492 U.S. 907, 106 L. Ed. 2d 568, 109 S. Ct. 3218 (1989); 
Shockley v. Ryder Truck Rental, Inc.
, 74 Ill. App. 3d 89, 392 N.E.2d 675 (1979).  

     The defendant was served on May 16, 2002.  An order was entered on June 14, 2002, requiring all discovery to be completed by December 20, 2002, and assigning the case for mandatory arbitration.  On July 15, 2002, the defendant filed his appearance, a jury demand and his motion to dismiss.  On August 2, 2002, the plaintiff propounded written interrogatories and a notice to produce to the defendant and a notice for the defendant's deposition.  According to the affidavit of the plaintiff's attorney's secretary, the defendant's deposition was continued three times at the request of the defendant's attorney, the last date being November 20, 2002.

     At the time the defendant's motion to dismiss had been re-noticed, the defendant had not answered the complaint and still had not responded to the plaintiff's interrogatories, and his deposition still had not been taken.  The plaintiff's response to the motion to dismiss included her affidavit that, at the time of the accident, the defendant identified himself to her as Jason Steward and gave her his address.  The defendant's reply included his answers to the interrogatories according to which he never used the name Jason Steward and denied identifying himself to the plaintiff as Jason Steward.     

     In contrast to 
Nickels
, there were no pleadings filed by the defendant before the running of the statute of limitations to alert the plaintiff that the person she named in the complaint was not the other driver involved in the accident with her.  The defendant did not file an answer to the complaint denying that he was the driver of the other car.  The defendant also avoided giving his deposition, although it had been scheduled several times prior to the hearing on the motion to dismiss and continued at the request of the defendant.  See 
Dever v. Simmons
, 292 Ill. App. 3d 70, 74, 684 N.E.2d 997 (1997) (motions to dismiss under section 2-619 and summary judgment motions are routinely made after discovery has been completed and the parties know the evidence).

     The plaintiff alleged in her affidavit that the defendant identified himself to her as Jason Steward; the defendant denied that fact.  Therefore, questions of fact exist as to whether the defendant misrepresented his identify to the plaintiff at the time of the accident and whether the plaintiff reasonably relied on that misrepresentation when she filed her lawsuit.  

     Genuine issues of material fact preclude dismissal.  
Time Consumer Marketing, Inc.
, 336 Ill. App. 3d at 78.  Therefore, the circuit court erred when it granted the defendant's motion to dismiss.  Deciding this case as we do, we need not address the remaining issue raised by the plaintiff.

     The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

     Reversed and remanded.

     WOLFSON and GARCIA, JJ., concur.

     

FOOTNOTES
1:
The record on appeal does contain a copy of the motion to dismiss, file-stamped July 15, 2002, with "619-9" handwritten on it.

2:
Under section 2-616(d), the time also includes the time for  service permitted by Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)).  735 ILCS 5/2-616(d) (West 2000).  However, that period is not applicable in this case.