**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 21, 2005[*]
Decided July 21, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1105

| | |
|---|---|
| GLENN J. HOPKINS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 04-3022 |
| STATE FARM INSURANCE COMPANY, et al., *Defendants-Appellees.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

After colliding with Leroy Neff in a car accident, Glenn Hopkins sued Neff, Neff's insurer, State Farm Insurance, and Illinois Secretary of State Jesse White. According to Hopkins, the vehicle that he was driving at the time of the accident, a 1983 Ford Thunderbird equipped with an "Electronic Fuel Injection Preheater"

---

[*] After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

device designed to improve fuel economy, is a "prototype" that he was testing for his company, Galaxy Innovative Technology. After the accident, State Farm refused to reimburse Hopkins for damage to the "prototype" because he was driving without insurance in violation of Illinois law. In his complaint, Hopkins alleged that Illinois insurance law violates the Commerce Clause by requiring him to enter into a private contract for insurance, and that State Farm violated the Sherman Antitrust Act, 15 U.S.C. § 2, the Clayton Act, 15 U.S.C. § 12 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, by refusing to reimburse him for damage to the "prototype" and declining to insure the vehicle in order to limit the development of alternative fuels.

On October 21, 2004, the district court granted the defendants' respective motions to dismiss. The court determined that Hopkins had failed to serve Jesse White in compliance with Federal Rule of Civil Procedure 4(m), and that Hopkins's antitrust claims were barred by the McCarron-Ferguson Act, 15 U.S.C. § 1011 *et seq.* The court also decided that Hopkins had failed to state a RICO claim, as the two alleged acts of wire fraud on the part of State Farm "do not constitute a pattern of racketeering activity." On November 22, 2004, Hopkins filed a postjudgment motion pursuant to Federal Rule of Civil Procedure 60(b). In the motion, Hopkins challenged the district court's legal conclusions on the antitrust and RICO claims and argued that the district court's dismissal of his claims against Jesse White for lack of service violated his right to due process. The court denied the motion, concluding that there were no circumstances presented that would merit relief under Rule 60(b). On January 10, 2005, Hopkins filed his notice of appeal.

Because Hopkins filed his notice of appeal more than 30 days after the entry of the underlying judgment, we have jurisdiction to review only the district court's denial of his Rule 60(b) motion. *See, e.g., Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir 2000). Rule 60(b) allows a district court to relieve a party from a judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." However, Rule 60(b) allows modification to a judgment only on grounds unavailable on direct appeal. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000). In his motion, Hopkins did not invoke any of the permitted bases for Rule 60(b) relief; instead he challenged the district court's legal conclusions in the underlying judgment. But this is precisely the kind of argument that should have been made on direct appeal. Accordingly, the judgment of the district court is AFFIRMED.