In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-2161

GAYLE D. COLE,

*Plaintiff-Appellant*,

*v.*

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 4799—**Ronald A. Guzman**, *Judge.*

_____

ARGUED JANUARY 10, 2007—DECIDED AUGUST 16, 2007

_____

Before POSNER, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* Gayle Cole ("Cole") filed suit in federal court against her employer, the Board of Trustees of the University of Illinois (the "Board"),[1] in 2002 alleging racial harassment pursuant to Title VII ("*Cole I*"). After the

_____

[1] As noted in the district court's opinion, Cole incorrectly named the University of Illinois as the defendant in this case, when she is actually suing the "Board of Trustees of the University of Illinois." The defendant will be referenced as "the Board" throughout this opinion.

parties settled *Cole I*, the district court dismissed the case with prejudice. In July 2003, Cole filed a second suit in federal court against the Board asserting claims under the False Claims Act and the Illinois Whistleblower Reward and Protection Act (*Cole II*). Following the Board's motion, the district court granted the Board's motion and dismissed *Cole II* because it is barred by res judicata. Cole appeals, and we affirm.

## I.

Cole worked as a pharmacist at a pharmacy run by the University of Illinois at Chicago. In 2002, Cole filed a complaint against the Board pursuant to Title VII, 42 U.S.C. § 2000e, et seq., alleging racial harassment. In her complaint, she asserted that "the effect of the practices complained of . . . has been to deprive Gayle D. Cole of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and act of 'Whistle Blowing.'" Cole further alleged:

> The unlawful employment and retaliatory practices complained of . . . commenced after the plaintiff, Gayle D. Cole, became aware and brought to the attention of the Defendant, the Defendant's violation of the Illinois Pharmacy Practice Act of 1987, the Illinois Wholesale Drug Distribution Licensing Act and the Drug Abuse Control Act . . . .

Cole then set forth the acts in three subparagraphs. After the parties settled the case, on April 8, 2003, the district court dismissed Cole's complaint with prejudice with leave to reinstate within forty-five days. A final order of dismissal with prejudice was entered on October 2, 2003.

On July 11, 2003, Cole filed a qui tam action against the Board alleging violations of the False Claims Act, 31 U.S.C. §§ 3729, et seq., and the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1, et seq.[2] In Counts I, II, III, and IV of her complaint, Cole asserted that the Board submitted false information and fraudulent claims to the state and federal government to obtain payment. In Counts V and VI, Cole alleged that the Board threatened, harassed, and discriminated against her because of her whistleblowing activities. The Board moved to dismiss this case on grounds that it was barred by res judicata. The district court granted the Board's motion and dismissed the case with prejudice as to Cole and without prejudice as to the United States.

## II.

On appeal, Cole argues that the district court improperly interpreted the res judicata test and wrongly concluded that her claims in *Cole II* were barred by res judicata. Specifically, Cole argues that the her Title VII claims asserted in *Cole I* and her whistleblower and false claims act claims asserted in *Cole II* are not based on the same

---

[2] A private person, known as a relator, may file a civil suit for false claims known as a qui tam action "for the person and for the United States Government." 31 U.S.C. § 3730. *See also* 740 ILCS 175/4. "[T]he statute gives the relator himself an interest *in the lawsuit*, and not merely in the right to retain a fee out of the recovery." *Vt. Agency of Nat. Res. v. United States*, 529 U.S. 764, 772 (2000). The government was not involved with *Cole II* other than to decline to intervene. This opinion addresses only Cole's ability to raise these false claims act claims, and not the government's ability to bring such a suit.

factual allegations. We review a district court's dismissal of a case based on res judicata de novo.[3] *Anderson v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996).

"Under the doctrine of res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). There are three requirements for res judicata: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Id.* "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all other issues which could have been raised in that action.' " *Id.* (citation omitted). There is identity of causes of action if the claim "emerges from the same core of operative facts as that earlier action." *Id.* (citation omitted). "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993) (citations omitted). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). Also, "[w]hile the legal elements of each claim may be different, the central factual issues are identical."

---

[3] When we speak of "res judicata" in this opinion, we do so only in terms of claim preclusion and not issue preclusion, "which is governed by the doctrine of collateral estoppel." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 821 n.2 (7th Cir. 2006).

*Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995).

Cole contends that the district court improperly interpreted res judicata to "not only preclude[ ] those issues raised and decided in prior law suits, but also that could have been raised in a prior lawsuit." However, contrary to Cole's position, res judicata, in fact, precludes all issues that could have been raised. *See Highway J Citizens Group*, 456 F.3d at 741 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")). Therefore, the district court employed the proper test.

Alternatively, Cole claims that while there is identity of parties and a final judgment, the third element of the res judicata test, *i.e.*, the identity of causes of action, was not satisfied. Specifically, Cole argues that her whistleblower claims and her Title VII claim "are not based on the same factual allegations." She asserts that her civil rights claim involved some co-workers and a supervisor, whereas her whistleblower claim involved an administrative official and senior supervisors.

In her complaints, Cole did not specify who allegedly committed the unlawful acts against her, whether premised on race or as a result of her whistleblowing activity. Rather, she specifically stated in *Cole I* that the Board's unlawful employment and retaliatory practices were "because of her race and act of 'Whistle Blowing.'" Cole also asserted in *Cole I* that the "unlawful and retaliatory practices" "commenced after [she] became aware and brought to the attention of the [Board], the [Board's] violation of the Illinois Pharmacy Practice Act of 1987, the Illinois Whole-

sale Drug Distribution Licensing Act and the Drug Abuse Control Act. . . ." In *Cole II*, Cole alleged that she notified the Board of its unlawful practices and "[a]s a result of [her] lawful acts done by her on behalf and in furtherance of an action under the [false claims act claims], [she] has been threatened, harassed, and in other ways discriminated against in terms and conditions of her employment."

Her own allegations demonstrate that Cole sought recovery for the same injury in both actions—harassment and discrimination. The discrimination claims Cole asserted in *Cole I* and the whistleblower claims asserted in *Cole II* arise from the same operative facts, and therefore she could and should have asserted the whistleblower claims in *Cole I. See Highway J Citizens Group*, 456 F.3d at 741 (citing *Allen v. McCurry*, 449 U.S. 90, 94). As the district court aptly reasoned:

> Both Complaints allege roughly the same series of events: the Board was engaged in wrongdoing, Cole notified the Board that she knew of the wrongdoing, and the Board harassed Cole. There is no indication that the Board's defrauding or harassing conduct described in the two suits were in any way distinct. Indeed, Cole even described the same illicit claim filing scheme in her first complaint and stated that the harassment was not only due to her race, but also her "act of "Whistle Blowing." These events provide the factual bases for the present and prior lawsuits [ ]. Cole could have, and should have, included her whistle-blower claims in her prior lawsuits.

*Cole v. Univ. of Ill.*, No. 03-4799-Civ (N.D. Ill. Marcy 28, 2006). Accordingly, Cole's whistleblower claims are barred by res judicata.

Next, we review Cole's false claims act claims. Again, Cole argues that there is no identity of causes of actions between these claims and her first case because her Title VII claims in *Cole I* involved racial harassment by her co-workers and supervisors while she was at work, but her false claims act counts involved conduct between the Board and governmental health care programs. She argues that "[w]hat defendant did or did not do regarding plaintiff is irrelevant to her false claims act counts."

Whether all of the facts of one particular claim are relevant to another claim is not a fact considered when determining whether a later-brought claim is barred by res judicata. Rather, "[a] claim has identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action." *Highway J Citizens Group*, 456 F.3d at 741 (quoting *Brzostowski*, 49 F.3d at 338-39 (7th Cir. 1995)). The *Cole I* complaint set forth operative facts that

> [t]he unlawful employment and retaliatory practices complained of in paragraph 9 commenced after [Cole] became aware of and brought to the attention of the [Board], the [Board's] violation of the Illinois Pharmacy Practice Act of 1987, the Illinois Wholesale Drug Distribution Licensing Act and the Drug Abuse Control Act for conduct including, but not limited to [ ] [e]ngaging in the sale of drug samples provided at no cost by drug manufacturers[,] [e]ngaging in the sale of drugs without valid prescriptions[,] [f]ailing to "Credit Back" the accounts of the Illinois Department of Public Aid for nondispursed drugs.

*Cole v. Univ. of Ill.*, No. 02-5151-Civ (N.D. Ill. July 19, 2002) (Complaint at ¶ 13).

Just as with her whistleblower claims, Cole's false claims act counts in *Cole II* arise from the same "events," "factual nebula," or "event cluster" asserted in *Cole I. See Okoro*, 164 F.3d at 1062. The same factual allegations are at play in both cases: the pharmacy submitted false claims for prescriptions for compensation from both the federal and state government, Cole brought these false claims to the pharmacy's attention, and Cole suffered discrimination and retaliatory actions following her complaint.[4]

This is not, as Cole contends, the "but for" scenario we warned against in *Herrmann.* In *Herrmann*, the plaintiff was terminated from her job and first filed a suit for continuation of benefits under ERISA which the district court

---

[4] Cole cites *Colonial Penn Life Insurance v. Hallmark Insurance*, 31 F.3d 445, 449 (7th Cir. 1994), contending that the evidence of *Cole II* bore no relation to her claim in *Cole I*. In *Colonial Penn* the claim asserted in the second case, collection of a paid guarantee of a defaulted loan, was not barred by res judicata because in the first case there was no allegation of a default or payment of the guarantee. *Id.* However, in *Cole I*, Cole did not merely mention the facts that serve as the basis for her false claims act claims in *Cole II*. Rather, in her first case Cole averred that she had "brought to the attention of the Defendant, the Defendant's *violation* of the Illinois Pharmacy Practice Act of 1987, the Illinois Wholesale Drug Distribution Licensing Act and the Drug Abuse Control Act for conduct. . . ." *Cole I*, Complaint ¶ 13 (emphasis added). Further, Cole overlooks the fact that in *Colonial Penn* we found the reference to the loan amount irrelevant in the first case, in part, because Colonial Penn had not yet paid on the guaranty at the time of the first case. *Id.* at 448. Cole's false claims act claims were ripe at the time of her first case, could have been asserted then, and are thus barred by res judicata.

dismissed with prejudice. *Herrmann*, 999 F.2d at 224. Herrmann then filed a Title VII suit alleging discrimination based on race and sex, and the district court determined her case was barred by res judicata because her suit for continuation of benefits under ERISA had been dismissed with prejudice. *Id.* Even though the claims would not have arisen but for Herrmann's termination, we reversed noting that the only fact that was the same for both claims was Herrmann's termination. Conversely, here we have an instance of two nearly identical lawsuits asserting different claims. Unlike *Herrmann*, Cole's claims not only precipitated from the same starting point, i.e., the Board's alleged reporting violations, but Cole alleged those violations and the subsequent alleged harassment and retaliation in both her *Cole I* Title VII claim and now in *Cole II*. In short, the facts asserted in both complaints are the same, varying only in degrees of specificity, and Cole could have asserted her false claims act claims in *Cole I*. Based on Cole's own factual allegations, we conclude that there is identity of the causes of action between *Cole I* and *Cole II*, and Cole's false claims act claims are barred by res judicata.

## III.

Cole's whistleblower and false claims act claims could and should have been asserted in her first suit along with her Title VII claim. Therefore, these claims are barred by res judicata, and the district court properly granted the Board's motion and dismissed Cole's complaint. We AFFIRM.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*