NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2007[*]
Decided September 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1933

| | |
|---|---|
| STANISLAW JAGLA,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>BMO FINANCIAL GROUP, et al.<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 1:06-cv-06199<br><br>Milton I. Shadur,<br>*Judge.* |

**O R D E R**

Stanislaw Jagla, who is white, sued BMO Financial Group, one of its subsidiaries, and various high-ranking employees (collectively "Harris Bank"), alleging that they discriminated against him when they rejected his repeated employment applications from 1996 through 2005. The district court dismissed Jagla's complaint, concluding that his claims were barred by claim preclusion. We

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand the case for further proceedings because one of Jagla's claims could not have been raised in his earlier lawsuit against Harris Bank.

Jagla has been applying for jobs with Harris Bank since he graduated from college in 1996. In September 2005 Jagla sued Harris Bank alleging age discrimination, and the district court granted summary judgment to Harris Bank on the ground that Jagla was not qualified for the positions for which he applied. *Jagla v. Harris Bank,* No. 05-5422, 2007 WL 433112 (N.D. Ill. Feb. 2, 2007) (*Harris I*). Approximately the same time that he filed *Harris I,* Jagla applied for yet another position at Harris Bank, Commercial Relations Manager. When Harris Bank rejected that application and while *Harris I* was still pending, Jagla brought another lawsuit against Harris Bank, alleging illegal recruiting or hiring and anti-competitive practices in violation of state law. *Jagla v. BMO Fin. Group,* No. 06-06199 (N.D. Ill. Mar. 28, 2007) (*Harris II*). After the district court dismissed that lawsuit for lack of subject-matter jurisdiction, Jagla amended his complaint to allege race discrimination in violation of 42 U.S.C. § 1981. The district court then granted the defendants' motion to dismiss on the ground that Jagla's claims were barred by claim preclusion. We review that dismissal de novo. *Cole v. Bd. of Trs. for the Univ. of Ill.*, _ F.3d _, No. 06-2161, 2007 WL 2325170, at *1 (7th Cir. Aug. 16, 2007).

Claim preclusion, or res judicata, prevents parties from relitigating claims that were or could have been brought in an earlier lawsuit that resulted in a final judgment on the merits. *Cole*, 2007 WL 2325170, at *2. Res judicata applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). Jagla does not dispute that the first two elements apply here; he argues only that there is no identity of the causes of action in *Harris I* and *Harris II*. Courts will find an identity of the causes of action if the claims arise from the "same core of operative facts," which we have interpreted to mean the same incident, events, transaction, or other "factual nebula." *Cole*, 2007 WL 2325170, at *2.

Res judicata bars all but one of Jagla's claims. In *Harris II*, Jagla not only alleges that Harris Bank discriminated against him on the basis of his race with respect to his September 2005 application, but he also rehashes all the earlier rejected applications going back to 1996. Although *Harris I* did not include any allegations of race discrimination, res judicata bars relitigation of claims that could have been raised in the earlier suit. *See id.; Ross*, 486 F.3d at 283. And there is no reason why Jagla could not have brought his earlier race claims in his first suit against Harris Bank. Although Jagla contends that he only recently learned when

he discovered a recruiting brochure that the earlier rejections were due to his race, that is insufficient to avoid the bar of res judicata because we may presume that Jagla conducted his "legal and factual homework" at the time he filed his first suit. *Car Carriers, Inc.* v. *Ford Motor Co.,* 789 F.2d 589, 596 (7th Cir. 1986) (finding that new facts supporting RICO claim did not lift bar of res judicata based on previous anti-trust claim arising from same core of operative facts). Jagla's job applications between 1996 and 2005 form part of the same core of operative facts as the 2005 applications that were addressed in *Harris I*, and any other claims associated with those applications could have been brought in that case. Moreover, the recruiting brochure that Jagla contends exposed illegal hiring practices extending over a ten-year period could not plausibly constitute new evidence of race discrimination, nor does it raise any facts that were undiscoverable at the time that *Harris I* was filed.

Res judicata, however, does not bar Jagla's claim based on his September 2005 application for Commercial Relationship Manager. Jagla filed his complaint in *Harris I* on September 20, 2005, about the same time he claims to have applied for the job as Commerical Relationship Manager. For purposes of res judicata, the time at which claim identity must be assessed is at the outset of a lawsuit. *Ross,* 486 F.3d at 283-284. Drawing all inferences in the light most favorable to Jagla, it is plausible that he did not learn of that job rejection until after he filed the complaint in *Harris I. See Malone v. Nielson*, 474 F.3d 934, 935 (7th Cir. 2007). Jagla's September 2005 job application, therefore, constitutes the factual basis for a new claim that he could not have raised at the time he filed *Harris I*, and it is not barred by res judicata.

Although we must remand the case for further proceedings regarding the September 2005 job application, our decision today should not be interpreted as commenting on the merits of that claim. If the district court on remand concludes that the suit is frivolous, it may impose sanctions on Jagla under Federal Rule of Civil Procedure 11. Any subsequent frivolous appeal may subject Jagla to sanctions in this court.

We VACATE the dismissal of Jagla's claim based on the September 2005 application and REMAND the case for further proceedings on that claim. In all other respects, the judgment is AFFIRMED.