**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 25, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 06-3626, 06-3630, 06-3640, 06-3641,
06-3642, 07-1076 & 07-2364

| | |
|---|---|
| RODICA WAIVIO, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> BOARD OF TRUSTEES OF THE <br> UNIVERSITY OF ILLINOIS AT <br> CHICAGO, et al., <br>     *Defendants-Appellees*. | Appeals from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> Nos. 04 C 3545, 04 C 6263, 05 C 2314, 05 C 2316 <br> & 06 C 1938 <br><br> Charles R. Norgle, Sr., *Judge*. |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

No. 07-3695

| | |
|---|---|
| RODICA WAIVIO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 C 7189 |
| BOARD OF TRUSTEES OF THE | |
| UNIVERSITY OF ILLINOIS AT | Virginia M. Kendall, *Judge*. |
| CHICAGO, et al., | |
| *Defendants-Appellees.* | |

**O R D E R**

These consolidated appeals arise from decisions by the University of Illinois at Chicago to dismiss Rodica Waivio from a Ph. D. program and terminate her employment as a graduate assistant. Waivio, who is Romanian by birth, initially filed five suits in state or federal court claiming, principally, that the university and its employees dismissed her on the basis of her gender, national origin, and alleged mental illness. But she also named as a defendant Educational Testing Service, which, according to Waivio, failed to accommodate her disability when administering an exam she was required to take to continue her studies. And in two of her lawsuits Waivio included claims against the law firms that had appeared on behalf of the university defendants and ETS. The defendants removed the state-court actions to federal court, and eventually all five suits were consolidated. Judge Norgle later dismissed the consolidated action for abuse of process, owing to Waivio's continued delaying and threatening conduct in the course of the litigation. Undeterred, Waivio filed three motions for reconsideration, all of which the district court rejected. The dismissal of the consolidated action precipitated seven of these appeals, nos. 06-3626, 06-3630, 06-3640, 06-3641, 06-3642, 07-1076, and 07-2364, which for our purposes can be evaluated as one. Meanwhile, after she filed this batch of appeals, Waivio brought another suit against many of the same university defendants and their law firm. This new action duplicates a number of the claims from the consolidated action, and Judge Kendall dismissed the suit on the defendants' motion as barred by the doctrine of claim preclusion. Waivio's appeal from that dismissal is before us as case no. 07-3695.

We turn first to the dismissal of the consolidated action. District courts have inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Montano v. City of Chi.*,

No. 06-2148, 2008 WL 2814828, at *4 (7th Cir. July 23, 2008). We review the choice of sanction for abuse of discretion, and the underlying factual findings for clear error. *Montano*, 2008 WL 2814828, at *4. The severity of a sanction should be proportionate to the gravity of the offense. *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). And although dismissal as a sanction "should be employed sparingly and only when there is a record of delay, contumacious conduct, or other, less drastic sanctions prove unavailing," *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003), we have upheld dismissals where the plaintiff engaged in conduct such as filing motions designed to harass, making improper threats, and delaying litigation unnecessarily. *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997); *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989); *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986).

Waivio's acts justifying dismissal are legion. She began this litigation by filing duplicative, blunderbuss complaints, none of which satisfies the "short and plain statement" requirement of Federal Rule of Civil Procedure 8. Many of the claims in those complaints are patently frivolous. After that Waivio filed a plethora of motions, many of them indecipherable and a good number focused on trivial matters. The district court noted in its order of dismissal that the docket for the consolidated action had over 400 entries, in contrast with the 50 to 75 entries that would have been typical for a comparable case. Waivio then compounded the resulting delays by taking ten months to respond to the defendants' motions to dismiss. Beyond merely delaying the litigation, though, Waivio's conduct veered into the truly abusive. She threatened to kill one opposing lawyer, tried to physically restrain him, and verbally harassed him in courthouse hallways. Her submissions to the court also contain allegations of a sexual relationship between two of the lawyers for the defense; allegations which, in spite of the district court's admonishment that the personal lives of the opposing counsel were "of no concern to the court, let alone Waivio," she continues to make before us. The kicker came when Waivio twice filed documents with the court accusing two of the lawyers of having "killed the plaintiff's baby." Given Waivio's history of delay, her inattention to the rules of the court, and her threatening and hostile conduct, Judge Norgle did not abuse his discretion in dismissing the consolidated action for abuse of process. Waivio's behavior went beyond the bounds of what a district court could be expected to indulge. Moreover, Waivio's postjudgment motions said nothing that would have compelled Judge Norgle to alter his view that dismissal with prejudice was the appropriate sanction.

That resolves all but the last of Waivio's appeals. After her consolidated action was dismissed, Waivio again sued several of the university defendants and the law firm representing them. As before she claims that she was dismissed from her academic program and fired as a graduate assistant because of her gender, national origin, and

alleged disability.  Waivio's complaint, however, also claims that the university discriminated against her anew by failing to *rehire* her as a graduate assistant after firing her, and by providing negative employment references.  Judge Kendall dismissed this last complaint as barred by the doctrine of claim preclusion.

Under federal law, a prior lawsuit that resulted in a final judgment on the merits bars a second suit raising the same claims against the same parties or their privies.  *Cole v. Bd. of Trs. of Univ. of Ill.*, 497 F.3d 770, 772-73 (7th Cir. 2007);  *Highway J Citizens Group v. U.S. Dep't. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).  Claims are the same if they arise from the "'same core of operative facts.'"  *Highway J. Citizens*, 456 F.3d at 741 (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995)).  A dismissal with prejudice, even a dismissal imposed as a sanction, is a final judgment on the merits.  *See Leon v. IDX Systems Corp*, 464 F.3d 951, 957, 962 (9th Cir. 2006); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

Still, not all of the claims in Waivio's final lawsuit arise from the same events underlying her consolidated action.  Claim preclusion does not immunize a defendant from further bad acts merely because the plaintiff has filed a previous suit; claims that accrue after the prior suit was filed are not precluded.  *See Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006).  A wrongful discharge is separated from post-discharge events by "time and function," and claims about post-discharge events do not need to be brought with wrongful-discharge claims. *See Perkins v. Bd. of Trs. of Univ. of Ill.*, 116 F.3d 235, 236-237 (7th Cir. 1997).  Thus, claim preclusion does not bar Waivio from pursuing her allegation that discriminatory animus motivated both the decision not to rehire her and the allegedly negative employment references.  Whether there might also be other claims that are not precluded is a question that will require further development on remand, and in resolving that issue the district court will be free to insist on compliance with Rule 8 of the Federal Rules of Civil Procedure.  We express no opinion as to the merits of any of Waivio's claims; we hold only that her newest lawsuit should not have been dimissed in its entirety on the basis of claim preclusion.

Accordingly, the judgment in appeal no. 07-3695 is VACATED, and that case is REMANDED for further proceedings.  In each of Waivio's other appeals, the judgment of the district court is AFFIRMED.