**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2008[*]
Decided August 27, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3470

| | |
|---|---|
| GLENN J. HOPKINS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-3231 |
| JESSE WHITE, et al., *Defendants-Appellees*. | Richard Mills, *Judge*. |

**O R D E R**

In 2002 Leroy Neff rear-ended Glenn Hopkins's 1983 Ford Thunderbird. Hopkins had retrofitted the car with what he calls an Electronic Fuel Injection Preheater, a prototype device that he says improves fuel economy. Neff, who has since died, was insured by State Farm. Hopkins, though, was uninsured (a violation of Illinois law, see 625 ILCS 5/3-707)

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

because no insurance company, including State Farm, would agree to cover the risks posed by his device. As a result, the state of Illinois fined Hopkins $600 and suspended his license. According to Hopkins, Illinois's confiscation of his license and State Farm's refusal to insure him "denied [him] ownership" of a new car, thereby preventing him from continuing to test or transport the prototype fuel device.

Hopkins brought suit against Illinois, its Secretary of State in his official and personal capacity, State Farm, and Neff's estate, alleging an assortment of injustices. (This is his second suit arising from the 2002 collision; his first suit was dismissed. See *Hopkins v. State Farm Ins. Co.,*139 F. App'x 756 (7th Cir. 2005.)) The district court dismissed a number of those claims, among them Hopkins's claim that Illinois's automobile-insurance requirement violated the Commerce Clause, and allowed the rest to proceed.[1] Several months later, without first trying to procure discovery informally, Hopkins filed a motion to compel the defendants to answer his interrogatories and produce documents. The district court denied the motion, noting that Hopkins had neglected to include with it a certification that he had attempted to obtain discovery from the defendants before resorting to the court as required by Federal Rule of Civil Procedure 37(a)(1). Hopkins did not refile his motion with the required certification.

One year later the defendants moved for summary judgment. In response, Hopkins moved to amend his complaint and extend the discovery period, which had ended five months earlier, so that he could depose unnamed witnesses. The court, observing that Hopkins's amended complaint was virtually identical to his original complaint, denied the motion and proceeded to summary judgment. As relevant to this appeal, the court concluded that Hopkins's claim that State Farm had violated the implied covenant of good faith and fair dealing could go nowhere because there was no contract between State Farm and Hopkins creating such an obligation. The court concluded that Hopkins's remaining federal claims against State Farm and Illinois were meritless as well. Finally, because no federal claims remained, the court declined to exercise supplemental jurisdiction over Hopkins's state-law claim that Neff had been negligent in colliding with him and dismissed the rest of the suit.

---

[1] Claim preclusion was the basis for one of these dismissals. Curiously, State Farm did not argue that all of the claims against it were barred, even though claim preclusion applies to claims that could have been raised in the original suit but were not, so long as they are based on the same set of operative facts. See *Cole v. Bd. of Trs. of the Univ. of Illinois*, 497 F.3d 770, 772-73 (7th Cir. 2007). Although the Illinois Secretary of State was also a defendant in the earlier litigation, the State appropriately makes no claim preclusion argument in this suit because no final judgment on the merits was entered in its favor in the first lawsuit.

On appeal, Hopkins first contends that the district court erred in dismissing his claim that the Illinois automobile-insurance requirement impermissibly burdened his right to engage in commerce, a decision we review *de novo*. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The Supreme Court has soundly rejected Commerce Clause challenges to state automobile-insurance requirements, albeit not recently. See *Bradley v. Pub. Util. Comm. of Ohio*, 289 U.S, 92, 96 (1933); *Cont'l Baking Co. v. Woodring*, 286 U.S. 352, 365-66 (1932); *Sprout v. City of South Bend*, 277 U.S. 163, 171-72 (1928); see also *Rowe v. New Hampshire Motor Transport Ass'n*, 128 S. Ct. 989 (2008) (discussing federal regulation of state roads). And the district court, observing that the automobile-insurance requirement applies only to Illinois residents driving on Illinois roads, see *People v. Benton*, 751 N.E.2d 1257, 1260-61 (Ill. App. Ct. 2001), correctly concluded that the statute regulated intrastate commerce alone, which states are free to do without violating the Commerce Clause, *Alliant Energy Corp. v. Bie*, 330 F.3d 904, 915 (7th Cir. 2003) (collecting cases). The district court appropriately dismissed this claim.

Hopkins next contests the district court's denial of his discovery motions, which, he says, deprived him of due process by preventing him from gathering evidence with which he could have opposed the defendants' summary judgment motions. We review discovery rulings for an abuse of discretion. *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). A court's denial of a motion to compel is not an abuse of discretion when, as here, a party neglects to certify that he has attempted to obtain discovery before resorting to court action. See *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Indeed, Hopkins not only failed to submit the required certification, he also neglected to comply with the substance of the rule. Nor did the district court abuse its discretion in denying Hopkins's motion to extend discovery. A party who wishes to extend discovery before responding to a summary judgment motion must state its reasons and support them by affidavit, see *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (citing FED. R. CIV. P. 56(f)), and Hopkins did not submit an affidavit. Moreover, his reason for extending discovery was that his amended complaint advanced new legal theories that required him to depose new witnesses. But the district court declined to permit Hopkins to amend his complaint, and with that refusal his need for more time evaporated.

Hopkins also challenges the district court's conclusion that he could not succeed on his claim that State Farm violated the implied covenant of good faith and fair dealing, a claim governed by Illinois state law. We review a district court's grant of summary judgment *de novo* and affirm if the record shows there is no genuine issue of material fact. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 544-45 (7th Cir. 2008). Although his argument is confusing, Hopkins appears to contend that the district court misinterpreted Illinois state law discussing the covenant. The district court correctly concluded, though, that no duty of

good faith or fair dealing arises unless the parties have contracted with each other. See *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 903 (Ill. 1996) (observing that covenant exists between insurer and policy-holder); *Martin v. State Farm Mut. Auto. Ins. Co.*, 808 N.E.2d 47, 51 (Ill. App. Ct. 2004) (holding that duty of good faith and fair dealing did not extend to third-party claimant). Hopkins's complaint stems from the fact that State Farm would *not* insure him, and so the district court properly granted summary judgment for State Farm on this claim.

Finally, Hopkins argues that the district court should have remanded his state-law negligence claim against Neff to an Illinois court because the two-year statute of limitations had expired between the time he filed suit and the dismissal of the negligence claim. See *Wheaton v. Steward*, 817 N.E.2d 1029, 1031 (Ill. App. Ct. 2004). District courts may decline to exercise supplemental jurisdiction over state-law claims if all federal claims have been dismissed. See 28 U.S.C. § 1367(c)(3); *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). And section 1367(d), which grants the plaintiff an additional 30 days to re-file dismissed supplemental claims in state court, "removes the principal reason"—the expired statute of limitations—"for retaining a case in federal court when the federal claim belatedly disappears." *Myers v. County of Lake*, 30 F.3d 847, 848-49 (7th Cir. 1994). Even if federal law did not toll the statute of limitations, Illinois law gives Hopkins one year from the dismissal of his claim to refile in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). The district court did not err in dismissing Hopkins's state-law negligence claim.

AFFIRMED.