**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided October 31, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2367

| | |
|---|---|
| ROBERT O. IDAHOSA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 06-1084 |
| | |
| ROD R. BLAGOJEVICH, et al., | Michael M. Mihm, |
| *Defendants-Appellees.* | *Judge*. |

## O R D E R

Robert Idahosa, an African-American male from Nigeria, sued Governor
Blagojevich, the Illinois Air National Guard (IANG), Donald Rumsfeld, the United States
Air Force, and several other defendants for discrimination based on race, gender, and

---

[*] After examining the briefs and the record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P.
34(a)(2).

national origin. The district court dismissed Idahosa's suit for failure to state a claim because Title VII does not apply to uniformed members of the military. *See Idahosa v. Blagojevich*, No. 05-1160 (C.D. Ill. 2006) (*Idahosa I*). Rather than appeal the dismissal, Idahosa filed a new complaint in August 2006 raising many of the same issues but requesting declaratory and injunctive relief under the Administrative Procedures Act (APA). *See Idahosa v. Blagojevich*, No. 06-1084, 2007 WL 1455779 (C.D. Ill. 2007) (*Idahosa II*). The district court dismissed the new action as nonjusticiable and barred by the doctrine of res judicata (claim preclusion). We affirm.

Idahosa's brief on appeal reiterates many of the arguments he made to the district court. With regard to the court's application of claim preclusion, he argues that his claim is not precluded because it was not dismissed on the merits, but rather for failure to state a claim. Claim preclusion prevents parties from relitigating claims that could have been (or were) raised in an earlier lawsuit that resulted in a final judgment on the merits. *Cole v. Bd. of Trs. of the Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007). The doctrine applies where: "(1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies." *In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007); *see Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

All three criteria are met. First, the district court's dismissal of Idahosa's complaint in *Idahosa I* was a final judgment on the merits. That the district court did not reach the merits is of no consequence; "dismissal for failure to state a claim is a decision on the merits." *Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004). Second, as the district court noted, Idahosa's claim in *Idahosa I* and *Idahosa II* arise from the "same core of operative facts." *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). In both cases Idahosa alleged that the IANG denied him wage increases, refused to investigate his charges of discrimination, and discharged him on the basis of his race, gender, and national origin. Merely changing legal theories, from Title VII in *Idahosa I* to the APA in *Idahosa II*, does not create a new claim. *See Cole*, 497 F.3d at 773; *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). Finally, most of the named defendants in this case—including Governor Blagojevich, the IANG, Donald Rumsfeld, and the United States Air Force—were also named in *Idahosa I*. And those defendants added to this case, such as IANG officials Jeffery Yemm and Phillip Shelton, are in privity with those named in *Idahosa I. See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822-23 (7th Cir. 2006); *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002).

Accordingly, Idahosa's claims are precluded and the judgment of the district court is AFFIRMED.